MICHAEL V. MADDEN, ESQUIRE, ID NO. 022592002
MADDEN & MADDEN, P.A.
A Professional Corporation
108 Kings Highway East - Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033
(856) 428-9520
Attorney for Defendant, Patricia Piserchia and Lenape Regional High School District

| | |
|---|---|
| SPARKLE MARTIN<br>c/o J█████ M█████<br><br>Plaintiff<br><br>vs.<br><br>PATRICIA PISERCHIA; and<br>LENAPE REGIONAL HIGH SCHOOL<br>DISTRICT,<br><br>Defendants | CIVIL ACTION NO:<br><br>*Removed from*<br>Superior Court of New Jersey<br>Law Division – Burlington County<br>DOCKET NO. BUR-L-0001898-23<br><br>**NOTICE OF REMOVAL AND<br>DECLARATION OF SERVICE** |

**TO:**   Clerk
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
1 John F. Gerry Plaza
Fourth and Cooper Streets
Camden, New Jersey 08101

**PLEASE TAKE NOTICE** that, on this date, defendants, Patricia Piserchia and the Lenape Regional High School District ("defendants"), by their undersigned counsel, have filed this notice of removal pursuant to 28 U.S.C. § 1446 (a), in the Office of the Clerk of the Unites States District Court for the District of New Jersey and, as grounds for removal, state:

1.      Plaintiff, Sparkle Martin c/o J█████ M█████ (hereinafter "plaintiff"), commenced this action by filing a pro se Complaint against the defendants in the Superior Court of New Jersey, Law Division, Burlington County, on or about October 2, 2023 ("plaintiff's Complaint"). A true and correct copy of plaintiff's Complaint is attached hereto as Exhibit "A".

2. Defendants were served with a copy of plaintiff's Complaint on or about October 3, 2023.

3. This Notice of Removal is being made based on original jurisdiction pursuant to 28 U.S.C. § 1441 (a) and federal question jurisdiction pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States.

4. In her complaint, plaintiff alleges inter alia, the following claims which arise under federal law:

> 1. Violated the McKinney-Vento Act and 42 U.S.C. 11431, 11432(g)(A)(i) regarding enrollment of my son, J▮▮▮ M▮▮▮ under the case law of G.S. v. Rose Tree Media School District.

(Exhibit "A", plaintiff's Complaint)

5. Plaintiff's claims directly involve rights arising under the laws of the United States and comprise an essential element of plaintiffs' cause of action. Franchise Tax Board of State of California v. Construction Laborer's Vacation Trust for Southern California, 463 U.S. 1, 10-11 (1983) (citing, Gully v. First National Bank, 299 U.S. 109, 112 (1936)).

6. Because this action arises under Federal Law, it is one which the United States District Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1343 and, therefore, this action may be removed to this Court by defendants pursuant to 28 U.S.C. §§ 1441 and 1443.

7. Removal is appropriate with regards to plaintiff's state law claims pursuant to this Court's supplemental jurisdiction in accordance with 28 U.S.C. §§ 1367 and 1441 (c).

8. Removal is timely under 28 U.S.C. § 1446 (b) because defendant's notice of removal is being filed within the thirty (30) day removal period under 28 U.S.C. § 1446.

9.  By joining in and consenting to this Removal, and by effectuating this Removal, the defendants do not waive any available defenses. Defendants specifically do not waive any defenses available to it pursuant to Fed.R.Civ.P. 12(b)(4) and 12(b)(5).

10. By filing this Notice of Removal, defendants do not concede that plaintiff is entitled to any damages sought in this Action.

11. Venue in this District is proper under 28 § U.S.C. 1441(a) because this District includes the Superior Court of New Jersey, Law Division, Burlington County, the forum wherein this action was pending.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being promptly served on counsel for plaintiff and a copy of this Notice of Removal is being promptly filed with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County.

13. As of the date of this Notice of Removal, defendants have not filed an Answer or otherwise moved in the Superior Court of New Jersey.

WHEREFORE, defendants, Patricia Piserchia and the Lenape Regional High School District, respectfully request that this action now pending in the Superior Court of New Jersey, Law Division, Burlington County, Civil Part, captioned: <u>Sparkle Marin c/o J▇▇▇ M▇▇▇ v. Patricia Piserchia and Lenape Regional High School District</u>, Docket No. BUR-L-001898-23, be removed to this Court and proceed in its entirety in the United States District Court for the District of New Jersey as an action properly removed thereto.

                Respectfully submitted,

                MADDEN & MADDEN, P.A.
                Attorney for Defendants, Patricia Piserchia and
                Lenape Regional High School District

                */s/ Michael V. Madden*
By: _____
                Michael V. Madden, Esquire

Dated: October 31, 2023

## DECLARATION OF FILING AND SERVICE

Pursuant to Fed.R.Civ.P.5, L.Civ.R.5.1 and 28 U.S.C. Section 1746, the undersigned member of the bar of this Court hereby declares that the original of the foregoing Notice of Removal was caused to be filed with the Clerk of the United States District Court for the District of New Jersey (Camden Vicinage) via ECF and that a true copy of same was served via regular and certified mail upon:

>Sparkle R. Martin
>P.O. Box 510
>Maple Shade, NJ  08052
>Pro Se plaintiff

I declare under penalty and perjury that the foregoing declaration of filing and service is true and correct.

>*/s/ Michael V. Madden*
>
>―――――――――――――――――――
>Michael V. Madden, Esquire
>Madden & Madden, P.A.
>Attorney for Defendant
>Lenape Regional High School District

Dated:  October 31, 2023

4

# Exhibit A

## Form A

**Plaintiff or Filing Attorney Information:**
Name: Sparkle R. Martin
NJ Attorney ID Number: _____
Address: P.O. Box 510
Maple Shade NJ
Telephone Number: 424-237-0428

**RECEIVED**
OCT 02 2023
Superior Court of NJ - Burlington
CIVIL DIVISION

Sparkle Martin c/o J████ M████,
Plaintiff,
v.
Patricia Piserchia / Lenape School Dist,
Defendant(s).

Superior Court of New Jersey
_____ Division _____ County
_____ Part
Docket No: _____
(to be filled in by the court)

Civil Action
**Complaint**

Plaintiff, Sparkle Martin, residing at
(your name)
P.O. Box 510 / Transient, City of Maple Shade
(your address)                                      (your city or town)
County of Burlington.
(your county)

State Of New Jersey, complaining of defendant, states as follows:

1. On Sept 29, 2023, Patricia Piserchia, Defendant
(name of person being sued)
(Summarize what happened that resulted in your claim against the defendant. Use additional pages if necessary.)
Violated the McKinney Vento Act and 42 U.S.C 11433(i), 11432(g)(A)(i) regarding enrollment of my son J████ M████; Under the case law of G.S v Rose Tree Media School Dist Plaintiff files suit.

The defendant in this action resides at 93 Willow Grove Road, Shamong NJ 08088
(defendant's address)
In the County of Burlington, State of New Jersey.
(name of county where defendant lives)

2. Plaintiff is entitled to relief from defendant under the above facts.

# Form A

3. The harm that occurred as a result of defendant's acts include: (list each item of damage and injury)

   1. Irreparable

   2. Punitive

   3. Compensatory

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

Dated: Sept 29, 2023    Signature: _____

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: Sept 29, 2023    Signature: _____

**OPTIONAL:** If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

Dated: Sept 29, 2023    Signature: _____

Revised 11/17/2014, CN 10553
Revised 11/01/2013, CN 11210



# New Jersey Judiciary
## Civil Practice Division
### Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

### For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

**Attorney/Pro Se Name:** Sparkle Martin
**Telephone Number:** 424-237-0428 ext.
**County of Venue:** Burl

**Firm Name (if applicable):**
**Docket Number (when available):**

**Office Address - Street:** P.O. Box 510
**City:** Maple Shade
**State:** NJ
**Zip:** 08052

**Document Type:**

**Jury Demand:** ☒ Yes ☐ No

**Name of Party (e.g., John Doe, Plaintiff):** Sparkle Martin
**Caption:** Sparkle Martin vs. Patricia Piserchia

**Case Type Number (See page 3 for listing):** 605

| | Yes | No |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ | ☒ |
| Does this case involve claims related to COVID-19? | ☐ | ☒ |
| Is this a professional malpractice case? | ☐ | ☐ |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

**Related Cases Pending?** ☐ Yes ☒ No
If "Yes," list docket numbers

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** ☐ Yes ☐ No

**Name of defendant's primary insurance company (if known):** ☐ None ☒ Unknown

Revised Form Promulgated by 04/19/2022 Notice to the Bar (effective 05/01/2022), CN 10517 (Appendix XII-B1)    page 1 of 4

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|
| Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation |
| Do parties have a current, past or recurrent relationship? ☑ Yes ☐ No <br> If "Yes," is that relationship: <br> ☐ Employer/Employee ☐ Friend/Neighbor ☐ Familial ☐ Business <br> ☑ Other (explain) _Children attended this school Dist prior_ |
| Does the statute governing this case provide for payment of fees by the losing party? ☑ Yes ☐ No |
| Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition. _This case involves a minor with a developmental disability having an IEP having protections provided by state and federal law. Due to the violations of these protections in relationship to the minors education and the statutes that apply, and the defendants knowledge of their violations against the minor desposition should be accelerated._ |
| ♿ Do you or your client need any disability accommodations? ☐ Yes ☑ No <br> If yes, please identify the requested accommodation: <br><br> Will an interpreter be needed? ☐ Yes ☑ No <br> If yes, for what language? |
| I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b). <br><br> Attorney/Self-Represented Litigant Signature: _[signature]_ |

Mail body: Fwd: Ja▓▓▓ Ma▓▓▓

Sent from my iPhone

Begin forwarded message:

> **From:** "Piserchia, Patricia" <ppiserchia@lrhsd.org>
> **Date:** September 30, 2022 at 1:05:39 PM EDT
> **To:** Sparkle Martin <sparklerm36@icloud.com>
> **Cc:** "Stepanski, Diane" <dstepanski@lrhsd.org>, "Castor, Raymond" <rcastor@lrhsd.org>
> **Subject: RE: Ja▓▓▓ Ma▓▓▓**
>
> Good afternoon,
>
> You checked in the hotel on September 4, and checked out of the hotel on September 15. Unless you are living in Mt. Laurel, either as a resident or displaced, you are not able to register at Lenape High School. You will need to register Ja▓▓▓ in the district in which you are living.
>
> -----Original Message-----
> From: Sparkle Martin <sparklerm36@icloud.com>
> Sent: Thursday, September 29, 2022 10:17 AM
> To: Piserchia, Patricia <ppiserchia@lrhsd.org>
> Subject: Ja▓▓▓ Ma▓▓▓
>
> Warning: This email was sent from someone outside of LRHSD. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Good morning!
>
> Yesterday you called me regarding my son Ja▓▓▓ stating that he's not in school due to the fact that he's not considered a resident. The registration secretary at Lenape was given hotel receipts stating that we do reside in Mount Laurel.
>
> I also stated to you that you are listed as a district liaison for Lenapee for the McKinney veto act and that your job is to make sure that Ja▓▓▓ in rolled immediately per the New Jersey state website for the McKinney veto act. See attachment.
>
> As I requested yesterday at the end of our uncomfortable and unethical conversation I asked for you to send me an email stating your position because I'm not one to use hearsay as a means of advocacy on behalf of my children and I have yet to receive a email from you.
>
> I will be honest in stating and expressing this I find it most discriminative per your conversation with me, your excuses the inactions of enrollment for my child are not legitimate or legal and they seem very personable. I have a child that's already enrolled in Mt Laurel schools (L▓▓▓ M▓▓▓▓) whom resides with me and Ja▓▓▓▓ in that Harrington school had no problem enrolling her being provided same documentation for Ja▓▓▓▓. Therefore the question still goes unanswered why is Ja▓▓▓ not in rolled in why wasn't he offered some at home school accommodations in the meantime?
>
> It seems very prejudice and bias from where I sit given the Veto Act and his IEP that Ja▓▓▓▓ is not enrolled. Whether or not you like my personality type my son is separate and he's a good child he is never in trouble and he's very intelligent and well behaved. Our being homeless should never be used as a tool to exclude him from his education.
>
> Sent from my iPhone

Mail body: Fwd: J███ M███

Sent from my iPhone

Begin forwarded message:

> **From:** "Piserchia, Patricia" <ppiserchia@lrhsd.org>
> **Date:** September 30, 2022 at 1:05:39 PM EDT
> **To:** Sparkle Martin <sparklerm36@icloud.com>
> **Cc:** "Stepanski, Diane" <dstepanski@lrhsd.org>, "Castor, Raymond" <rcastor@lrhsd.org>
> **Subject: RE: J███ M███**
>
> Good afternoon,
>
> You checked in the hotel on September 4, and checked out of the hotel on September 15.  Unless you are living in Mt. Laurel, either as a resident or displaced, you are not able to register at Lenape High School.  You will need to register J███ in the district in which you are living.
>
> -----Original Message-----
> From: Sparkle Martin <sparklerm36@icloud.com>
> Sent: Thursday, September 29, 2022 10:17 AM
> To: Piserchia, Patricia <ppiserchia@lrhsd.org>
> Subject: J███ M███
>
> Warning: This email was sent from someone outside of LRHSD. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Good morning!
>
> Yesterday you called me regarding my son J███ stating that he's not in school due to the fact that he's not considered a resident. The registration secretary at Lenape was given hotel receipts stating that we do reside in Mount Laurel.
>
> I also stated to you that you are listed as a district liaison for Lenapee for the McKinney veto act and that your job is to make sure that J███ in rolled immediately per the New Jersey state website for the McKinney veto act. See attachment.
>
> As I requested yesterday at the end of our uncomfortable and unethical conversation I asked for you to send me an email stating your position because I'm not one to use hearsay as a means of advocacy on behalf of my children and I have yet to receive a email from you.
>
> I will be honest in stating and expressing this I find it most discriminative per your conversation with me, your excuses the inactions of enrollment for my child are not legitimate or legal and they seem very personable. I have a child that's already enrolled in Mt Laurel schools (L███ M███) whom resides with me and J███ in that Harrington school had no problem enrolling her being provided same documentation for J███. Therefore the question still goes unanswered why is J███ not in rolled in why wasn't he offered some at home school accommodations in the meantime?
>
> It seems very prejudice and bias from where I sit given the Veto Act and his IEP that J███ is not enrolled.  Whether or not you like my personality type my son is separate and he's a good child he is never in trouble and he's very intelligent and well behaved. Our being homeless should never be used as a tool to exclude him from his education.
>
> Sent from my iPhone

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION ON CIVIL RIGHTS
SOUTHERN REGIONAL OFFICE/CHERRY HILL
5 EXECUTIVE CAMPUS, SUITE 107
CHERRY HILL, NJ 08034

PHIL MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

SUNDEEP IYER
*Director*

1/25/2023

Sparkle Martin
PO Box 510
Maple Shade, NJ 08052
*Via NJBIAS to: Sparklerm36@icloud.com*

Patricia Piserchia Lenape Regional School Dist
93 Willow Grove Road
Shamong, NJ 08088
*Via NJBIAS to: ppiserchia@lrhsd.org*

Taylor Ruilova
521 Pleasant Valley Ave
Moorestown, NJ 08057
*Via NJBIAS to: truilova@comegnolaw.com*

Re:   *Sparkle Martin v. Patricia Piserchia Lenape Regional School Dist*
      *DCR Docket No. P2022-000974*

Dear Parties:

Please be advised that the complaint in the above referenced matter has been closed for the following reason:

In accordance with N.J.A.C. 13:4-6.1(8) & (9), the New Jersey Division on Civil Rights has determined that, given the likelihood of success on the merits after a full investigation and/or hearing, the public interest is not served by continuing the investigation.

**Since the Division has not reached a determination on the merits of the allegations raised in the complaint, the complainant may proceed with filing a complaint in the Superior Court of New Jersey so long as the two-year statute of limitations has not expired, if they choose. For more information on filing a complaint in Superior Court, please go to https://www.njcourts.gov.**



http://www.njcivilrights.gov
New Jersey is an Equal Opportunity Employer



Re: **Sparkle Martin v. Patricia Piserchia Lenape Regional School Dist**
*DCR Docket No. P2022-000974*

2

Pursuant to this State's File Retention Schedule, it is the intention of the Division to destroy the above referenced file three (3) years after the date of closing or three (3) years after any other final court action, whichever is later.

Thank you for your cooperation and courtesies extended to our staff during the pendency of this matter.

Regards,

/s/ Rosemary DiSavino

Rosemary DiSavino
Deputy Director



http://www.njcivilrights.gov
New Jersey is an Equal Opportunity Employer



Sparkle Martin

PO Box 510

Maple Shade NJ 08052

Sparklerm36@icloud.com

424-237-0428

Re: Sparke Martin

Sparkle Martin c/o J▮▮▮ M▮▮▮

**Brief**

**Dear Your Honor,**

Plaintiff files this motion on behalf of herself and her child and is asking that the court grant compensatory damages as well as punitive damages in relation to the irreparable harm afforded her son J▮▮▮ A▮▮▮ M▮▮, Plaintiff suffered a loss of employment and other equitable losses that resulted in a continuation of homelessness.

Plaintiffs son J.M and her daughter L.M (L▮▮▮ M▮▮▮) resided at The Marriott Residence Inn, 1000 Sunburst Ln, Mt. Laurel Township NJ 08054 checking in September 2, 2022 checking out September 20, 2022. Plaintiff also resided at the Hilton Homewood Suites 1422 Nixon Drive, Mt Laurel NJ 08054 from June 25, 2022- August 28, 2022. Plaintiff and her (2) children resided in Mt. Laurel from June 18, 2022- October 11, 2022.

Plaintiff went to enroll both of her children J.M and L.M in the Mt. Laurel School district beginning the 2022 school year in September. Plaintiff's children J.M and L.M were enrolled in Mt. Laurel School district prior from 2017-2018 and therefore thought the process would be easy. Plaintiff attempted to enroll her children under the McKinney-Vento Act as under this act she enrolled her children in Mt. Laurel School Dist. before.

Plaintiffs daughter L.M was immediately enrolled and was provided bus transportation provided her IEP from The Residence Inn Mt. Laurel to Harford Middle School, 397 Hartford Rd. Mt. Laurel Township NJ 08054 on or about September 9, 2022. Plaintiffs son J.M was not enrolled as his being a 10th grader was to attend Lenape School Dist. and High School. J.M was a student at Harford and Harrington Middles Schools in grades 6th and 7th.

On September 29, 2022, Plaintiff received a call from the Lenape Scholl Dist. McKinney- Veto Liaison Patricia Piserchia to inform her that her son would not be enrolled at Lenape High School as he was not considered a resident. Plaintiff informed the liaison that her daughter L.M was currently enrolled in the Dist. and actively attending Hartford as a student. Plaintiff asked to Patricia to send an email providing the legitimate verbatim reasoning as to why J█████ could not be enrolled at Lenape and what could done to ensure that he was provided instruction to do so.

Attached as Exhibit A is the email sent form the McKinney-Vento Liaison Patricia Piserchia informing the plaintiff to "register J.M in the district in which I was living as the hotel receipts provided reflected a check in date of Sept 4, 2022-Sept 15, 2022.This irrational technicality raised a suspicion in the plaintiff about the merit of the email as well as her means to make a legitimate claim of discrimination against J.M and his living situation. J.M while also being homeless/displaced also had a IEP and has had one throughout the duration of his education.

Plaintiff reached out the Dept. of Children and Families to ask for advocacy with respects J.M being denied enrollment to Mt. Laurel School Dist./Lenape High School. The Dept. was more concerned about plaintiffs current status as being homeless and the lack of housing more than J.M needing to attend school. Plaintiff therefore began to advocate for J.M to the Dept. of Education, NJ Superintendent of Schools and the Board of Education with no resolve.

Finally Plaintiff reached out to the Dept. of Law and Public Safety Division of Civil Rights, Office of The Attorney General for involvement. The office did not reach a determination on the merits of the allegations and therefore stated that the complaint may proceed in the Superior Court of New Jersey so as long the two-year statute of limitations has not expired if I choose. Therefore plaintiff has chosen to move forward in Superior Court.

Plaintiff would like to reference the Case Law: G.S v Rose Tree Media School Dist. for this court to rely upon as to the merits not determined by the Office of The Attorney General. The case law is almost identical to the case I lay before this court now upon motion. Other law references to consider: 42 U.S.C 1143(1), 11432(g)(A)(i) where the facts and exhibits attached support that there is no dispute that J.M satisfied 11434a(2).

"Here all of the statutory considerations align to suggest enrollment at Lenape School Dist. was in J.M's best interest. Lenape Mt. Laurel School Dist. host the school where J.M was enrolled when he became homeless; the Mt. Laurel School Dist. where J.M was last enrolled: the school where his sister attended ; and the school where his mother sought enrollment".

Plaintiff would also ask that damages that resulted from the denial of enrollment of J.M cause emotional delays in J.M especially given his autism. J.M attended 10th grade online via Khan Academy to keep attendance while missing social interaction with his peers. J.M also took up temporary residency (at the invite of his father) with his mother at his where acts of domestic violence took place and he along with his sister were they

both witnessed and were endangered as weapons (gun) were present and in possession of his father whom has a drug and mental health condition.

Plaintiff as a result of Lenape's McKinney-Vento Liaison Patricia Piserchia's decision to not enroll J.M resulted at Lenape lost her job at Barones Tuscun where she was making extra income to maintain housing and provide financial income proof required to sustain permanent housing. Plaintiff was fired from her employment due to her having to stay home to support J.M during his none enrollment.

Plaintiff, also to avoid false allegations of housing negligence from Dept. Of Children and Families was compelled to accept the invite of housing and employment by J.M's father as a in home care provider to J.M's grandmother who suffers from dementia. During the months of Oct.11, 2022-February27, 2023 Plaintiff and her children endured emotional and physical distress as a result of the crimes that took place and were eventually displaced by J.M's father to reside in a hotel again. Plaintiff was not paid any wages for the care provided for 17 weeks.

Currently J▇▇▇ is being provided services through Perform Care and trying to catch up in his classes as an 11th grade student in hopes of having enough credits to graduate next year 2024. Current he had both 10th and 11th grade classes due to his missing (6) month of school at the responsibility and lack of legal enrollment at Lenape High School. J.M continues his bible studies and taking piano lessons. J.M also maintains excellent behavior and participation at school while maintaining excellent grades. He wants to be an engineer and major in graphic design.

We ask this court to consider all facts in this case. To afford J.M his protections afforded him under Sect 504 of The Rehabilitating Act of 1973, The Americans with Disabilities Act, The Individuals with Disabilities Act 2, IDEA3. We also ask the court to afford us the compensation for the injuries incurred as a compensatory for the loss we suffered and punitively for the party at fault to be penalized. To also consider that the harm and injury

done to J.M cannot all be adequately compensated as the conditions cannot be out back the way they were. J.M cannot get those months back from school for his 10th Grade that he had a constitutional and moral right to experience.

No student or Family should have to be treated this way and in order to prevent these things from occurring again the courts must stand with and in the interest of victims especially incapacitated persons.